# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 12-14-17

| | |
|---|---|
| GERALDO MENA, | |
| Plaintiff, | 15-CV-3707 (ALC) (HBP) |
| -against- | ORDER |
| THE CITY OF NEW YORK, ET AL. | |
| Defendants. | |

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Geraldo Mena initiated this action on May 13, 2015, alleging the violation of his civil rights during the time he was incarcerated at Rikers' Island. ECF No. 1. The procedural history of this case is recited more extensively in the Court's November 13, 2017 Order to Show Cause. ECF No. 18. Familiarity with the facts contained in that order is assumed, and only pertinent facts are restated here.

On August 8, 2017, the Court referred the case to Magistrate Judge Henry B. Pitman. ECF No. 15. After an initial conference at which Plaintiff did not appear, Magistrate Judge Pitman issued an order to show cause regarding Plaintiff's failure to prosecute the case, warning Plaintiff that a failure to respond before October 26, 2017 would result in the issuance of a report and recommendation recommending dismissal of the action. ECF No. 16. This Order was served on ECF on Plaintiff's former counsel, but, according to court records, was not mailed to Plaintiff at, according to Department of Corrections and Community Supervision records, his current address at Sing Sing Correctional Facility. After Plaintiff did not respond to the order to show cause, Magistrate Judge Pitman issued a report and recommendation on October 30, 2017, recommending dismissal of the action for failure to prosecute. ECF No. 17. No objections to the report and recommendation were received in the 14-day window allotted by statute. Although

COPIES MAILED

the docket entry for the report and recommendation indicates "Copies Mailed by Chambers," neither the report and recommendation nor court records indicate an address where copies were mailed. As of November 13, 2017, Plaintiff's former attorney remained as the attorney of record on ECF. ECF No. 18.

Accordingly, on November 13, 2017, the Court issued an order questioning whether Plaintiff had received the report and recommendation. ECF No. 18. As such, the Court requested that the Clerk of Court update ECF to remove Plaintiff's counsel of record (reflecting Plaintiff's *pro se* status), and correct Plaintiff's address to reflect his current residence at Sing Sing Correctional Facility. *Id.* The Court further requested that the Clerk of Court mail a copy of its order, along with copies of Magistrate Judge Pitman's Order to Show Cause and Report and Recommendation (ECF Nos. 16 & 17), to Plaintiff at the above-stated address. *Id.* Finally, the Court ordered Plaintiff to show cause, by response in writing, why this action should not be dismissed for failure to prosecute. *Id.* Plaintiff was further requested to confirm his mailing address. *Id.* Plaintiff was warned that any failure on his part to make that showing would result in a dismissal of this case for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Id.*

A copy of this order and the documents referenced in the order were mailed to Plaintiff at his address at Sing Sing Correctional Facility. The facility has not returned the mail as undeliverable. Based on information from the Department of Corrections and Community Supervision, Plaintiff remains incarcerated at Sing Sing as of the date of this order. To date, Plaintiff has not made any filing in response to the Court's Order to Show Cause.

## DISCUSSION

In light of Plaintiff's ongoing failures to communicate to the Court his desire to proceed with this litigation, the Court accepts Magistrate Judge Pitman's report and recommendation in

2

full and dismisses the case.

Upon receipt of a report and recommendation from a magistrate judge, a district judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c). In addition, the judge may "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.*

Where, as here, no timely objection was made to a report and recommendation, the Court "need only satisfy itself that there is no clear error on the face of the record" to adopt the report and recommendation. *Figueroa v. Riverbay Corp.*, No. 06-cv-5364 (PAC) (KNF), 2006 WL 3804581, at *1 (S.D.N.Y. Dec. 22, 2006) (quoting *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

The Court has discretion to dismiss an action for failure to prosecute pursuant to Rule 41(b). *See Jenkins v. City of New York*, 176 F.R.D. 127, 128-29 (S.D.N.Y. 1997) (citing *Colon v. Mack*, 56 F.3d 5, 7 (2d Cir. 1995)). The Court may do so *sua sponte* or on a party's motion. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).

While the Court is mindful that Plaintiff is now proceeding *pro se*, a *pro se* plaintiff is not exempt from complying with court orders and must diligently prosecute his case. *Yadav v. Brookhaven Nat. Lab.*, 487 F. App'x 671, 672 (2d Cir. 2012). Plaintiff received very clear notice that his failure to respond to the *two* orders to show cause would result in dismissal without prejudice. He nevertheless failed to respond to the Court's orders.

Thus, after receiving no objection from Plaintiff to the report and recommendation, or any other communication from Plaintiff apprising the Court of his status or desire to proceed with this litigation, the Court is sufficiently persuaded that Plaintiff has abandoned this matter. The Court finds no clear error and adopts the conclusions in Judge Pitman's report and

recommendation in their entirety.

## CONCLUSION

For the reasons stated above, the Court adopts the report and recommendation of dismissal of this case. The case is dismissed for failure to prosecute. The Clerk of Court is instructed to close this case.

**SO ORDERED.**

Dated: December 14, 2017
New York, New York

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**

4