

| | THE CITY OF NEW YORK | |
|---|---|---|
| ZACHARY W. CARTER<br>*Corporation Counsel* | **LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | Nicholas Manningham<br>*Assistant Corporation Counsel*<br>nmanning@law.nyc.gov<br>(212) 356-2617 (tel.)<br>(212) 356-3558 (fax) |

June 14, 2018

**BY ECF**
Honorable Andrew L. Carter, Jr.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    <u>Geraldo Mena v. City of New York, et al.</u>, No. 15-CV-3707 (ALC) (HBP)

Your Honor:

    I am writing on behalf of the defendant City of New York, in this pro se civil rights action brought under 42 U.S.C. §1983, to respectfully request a conference to discuss the City's anticipated motion for summary judgment pursuant to Fed. R. Civ. P. 56.

**BACKGROUND**

    Plaintiff commenced this action on May 13, 2015 alleging violations of his constitutional rights under the United States and New York constitutions. Plaintiff alleges that he was assaulted by correction officers on three separate occasions in 2014 while at Rikers Island. In connection with these three incidents, plaintiff brings claims against the correction officers for excessive force and assault and battery. Plaintiff also brings a §1983 <u>Monell</u> claim against the City for unconstitutional policies and a state law claim for negligent screening, hiring, training, supervision, and retention.

    On May 13, 2015, summonses were issued as to Ashby, Clement, Francis, Genoves, Marin, Radie, and the City. The City answered the complaint on January 13, 2016. In its answer, the City noted that, according to the docket, none of the individual defendants had been served. To date, these defendants still have not been served.

    Plaintiff was represented by counsel at the commencement of this case. At a conference on November 3, 2016, plaintiff's counsel, Kavin Leon Edwards, stated that he no longer represented plaintiff. However, a motion to withdraw as counsel was never filed. On August 8, 2017, this case was referred to Magistrate Judge Henry B. Pitman and an initial conference was set for September 28, 2017. Plaintiff's counsel once again failed to appear at this conference, and, on December 14, 2017, this Court adopted Judge Pitman's recommendation that the case be dismissed for failure to prosecute. However, this Court later ordered that the case be reopened because, two days prior to the order dismissing the case, the Court received a communication from plaintiff stating he had not been receiving communications in this case and

indicating his desire to prosecute the case. The Court set May 25, 2018 as the end of discovery. Discovery is now complete and the City, for the reasons set forth below, intends to move for summary judgment.

### ALL CLAIMS AGAINST THE CORRECTION OFFICERS SHOULD BE DISMISSED

The claims against the correction officers should be dismissed because plaintiff has failed to serve the correction officers with a copy of the Summons and Complaint within the 90-day period proscribed by Rule 4(m).

If a plaintiff fails to serve a defendant within the 90-day period, a Court must extend the time for service if plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). "A party seeking a good cause extension bears a heavy burden of proof." Etheredge-Brown v. Am. Media, Inc., No. 13-CV-1982 (JPO), 2015 U.S. Dist. LEXIS 107392, at *4 (S.D.N.Y. Aug. 14, 2015) (citation omitted). "Inadvertence, mistake or neglect does not constitute good cause for an extension." Cassano v. Altshuler, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016). Moreover, ignorance or confusion of the rules, even by a *pro se* plaintiff, does not constitute good cause. Id. (collecting cases). The plaintiff must show that, despite diligent efforts, service could not be made due to exceptional circumstances. Id.

As of the date of this letter, it has been over three years since plaintiff filed the Complaint; however, no correction officer has been served. Plaintiff was represented for approximately 17 months before his counsel informed the Court at a conference that he no longer represented plaintiff. During that time, it appears that no efforts were made to serve the correction officers. Since then, no efforts to effectuate service have been made by the plaintiff himself. Plaintiff has not, for example, requested that the U.S. Marshals Service effect service on his behalf. See Nagy v. Dwyer, 507 F.3d 161, 163 (2d Cir. 2007) ("Absent a request from the plaintiff, nothing in the text of Rule 4 requires the district court to appoint the Marshals to effect service after granting [*in forma*] *pauperis* status to the plaintiff."); Meilleur v. Strong, 682 F.3d 56, 63 (2d Cir. 2012) (finding that if a plaintiff, proceeding *in forma pauperis*, were to rely on the U.S. Marshals Service for service, the plaintiff must advise the Court of same and request an extension for timely service). Likewise, plaintiff could have ensured compliance with the federal rules by raising this issue with the Court or request an extension to effectuate service, but he has failed to do so; therefore, plaintiff cannot show good cause for failure to effect timely service on the correction officers and, thus, the Court should dismiss the action against them with prejudice.

### SECTION 1983 CLAIMS AGAINST THE CITY FAIL

To state a claim for municipal liability, a plaintiff must allege one of four different types of violations. Here, plaintiff alleges two different types of violations: (1) that the City had a policy or custom allowing correction officers to use excessive force against inmates at Rikers Island; and (2) the City failed to properly train and supervise correction officers to prevent constitutional violations. See Complaint at ¶¶ 97-98. However, both theories of municipal liability fail for the same reason.

A single, isolated incident of the alleged violation is insufficient to support a

claim for municipal liability. <u>City of Okla. City v. Tuttle</u>, 471 U.S. 808, 823-24 (1985). "The mere assertion . . . that a municipality has such a custom or policy is insufficient in the absence of allegations of fact tending to support at least circumstantially, such an inference. <u>Dwares v. City of New York</u>, 985 F.2d 94, 100 (2d Cir. 1993). Municipal liability "would be rendered sterile if . . . mere conclusory allegations of a few isolated incidents . . . were sufficient to hold the municipal liable." <u>Edwards v. City of New York</u>, No. 03-CV-9407 (PAC), 2005 U.S. Dist. LEXIS 34376, at * (S.D.N.Y. Dec. 19, 2005).

Here, plaintiff has not set forth any allegations—much less any evidence—which could support a claim for municipal liability. Plaintiff's complaint contains conclusory allegations of an unconstitutional City policy but does not point to a single other incident of misconduct by City employees. Further, plaintiff did not produce anything in discovery which could support a claim for municipal liability, and, therefore, cannot show a genuine issue of material fact regarding the <u>Monell</u> claim. Thus, plaintiff's § 1983 claims against the City should be dismissed.

### PLAINTIFF'S STATE LAW CLAIM AGAINST THE CITY FAILS

Plaintiff's state law claim against the City for negligent screening, hiring, training, supervision, and retention fails as a matter of law because there is no evidence that any of the named correction officers previously used excessive force, and, thus, the City had no reason to know of the correction officers' propensity to use excessive force. To prevail on a negligent hiring and supervision claim, a plaintiff must show that the employer knew or should have known of the employee's propensity for the particular behavior which caused the injury. See <u>Taylor v. United Parcel Serv., Inc.</u>, 72 A.D. 3d 573, 574 (1st Dept. 2010). Thus, plaintiff cannot show a genuine issue of material fact exists and the Court should grant summary judgment in favor of the City.

Respectfully submitted,

Nicholas Manningham

cc:   Geraldo Mena (**VIA U.S. MAIL**)
      *Pro Se Plaintiff*
      DIN # 15A3422
      Sing Sing Correctional Facility
      354 Hunter Street
      Ossining, NY 10562-5442

3